IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN C. ELLIS | : | |
| 1872 EAST SCHILLER STREET, 2ND FLOOR | : | |
| PHILADELPHIA, PA 19134 | : | |
|     *PLAINTIFF* | : | |
|     V. | : | |
| | : | |
| DJR VENTURES, INC. | : | |
| 1008 UPPER GULPH ROAD | : | |
| WAYNE, PA 19087 | : | JURY DEMANDED |
| | : | |
| THE RUBY RESTAURANT GROUP | : | |
| 666 NEWPORT CENTER DRIVE, SUITE 850 | : | |
| NEWPORT, CA 92660 | : | |
| | : | |
|     AND | : | |
| | : | |
| RUBY'S DINER, INC./ RUBY'S | : | |
| FRANCHISE SYSTEMS, INC. | : | |
| 666 NEWPORT CENTER DRIVE, SUITE 850 | : | |
| NEWPORT, CA 92660 | : | |
| | : | |
|     AND | : | |
| | : | |
| TOM KRALL | : | |
| RUBY'S DINER, INC. | : | CIVIL ACTION NO: 08-CV-5673 |
| 160 NORTH GULPH ROAD | : | |
| KING OF PRUSSIA, PA 19406 | : | |
| | : | |
|     AND | : | |
| | : | |
| JAMES SCHAEFFER | : | |
| DRJ VENTURES, INC. | : | |
| 1008 UPPER GULPH ROAD | : | |
| WAYNE, PA 19087 | : | |
| | : | |
|     AND | : | |
| | : | |
| RICHARD POWELL | : | |
| DRJ VENTURES, INC. | : | |
| 1008 UPPER GULPH ROAD | : | |
| WAYNE, PA 19087 | : | |
| | : | |

|  |  |
|---|---|
| AND | : |
|  | : |
| RICHARD NOLAN | : |
| DRJ VENTURES, INC. | : |
| 1008 UPPER GULPH ROAD | : |
| WAYNE, PA 19087 | : |
|  | : |
| AND | : |
|  | : |
| DOUG CAVANAUGH | : |
| 666 NEWPORT CENTER DRIVE, SUITE 850 | : |
| NEWPORT, CA 92660 | : |
|  | : |
| AND | : |
|  | : |
| CAITLIN FITZGERALD | : |
| 1008 UPPER GULPH ROAD | : |
| WAYNE, PA 19087 | : |
|  | : |
| AND | : |
|  | : |
| PANFILO VALLEJO | : |
| 1008 UPPER GULPH ROAD | : |
| WAYNE, PA 19087 | : |
|  | : |
| *DEFENDANTS* |  |

## AMENDED COMPLAINT – CIVIL ACTION

### INTRODUCTION

1.  This is an action for declaratory, injunctive, and other appropriate relief, including back pay, costs, compensatory and punitive damages and attorney's fees, to redress the deprivation of Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Specifically, Plaintiff seeks injunctive and other relief against discrimination in employment on the basis of gender/sex, gender stereotyping, sexual harassment, through a hostile work

environment, as well as retaliation by the employer against Plaintiff after he reported his hostile work conditions.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 2000e et seq. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory provision. Plaintiff further invokes the pendent jurisdiction of this Court, provided by 28 U.S.C. § 1367, to hear and decide claims arising under state law, specifically, the Pennsylvania Human Relations Act.

## PARTIES

3. Plaintiff Steven Ellis is a citizen of the United States and a resident of the Commonwealth of Pennsylvania and lives within the County of Philadelphia at 1872 East Schiller Street, 2nd Floor.

4. Defendant DJR Ventures, Inc. is a Pennsylvania Corporation with its principal place of business located at 1008 Upper Gulph Road, Suite 201, Wayne, PA. At all times relevant to this Complaint, Defendant was an employer within the meaning of 42 U.S.C. §2000(e)(b), and is responsible for the training, supervision and discipline of its employees.

5. Defendant The Ruby Restaurant Group is a California Corporation with its principal place of business located at 666 Newport Center Drive, Suite 850, Newport, California. At all times relevant to this Complaint, Defendant was an employer within the meaning of 42 U.S.C. §2000(e)(b), and is responsible for the training, supervision and discipline of its employees.

6. Defendant Ruby's Diner, Inc. / Ruby's Franchise Systems, Inc. is a California Corporation with its principal place of business located at 666 Newport Center Drive, Suite 850, Newport, California. At all time relevant to this Complaint, Defendant was an employer within

the meaning of 42 U.S.C. §2000(e)(b), and is responsible for the training, supervision and discipline of its employees.

7. Defendant Tom Krall at all time relevant to this Complaint was the General Manager of Ruby's Diner, Inc., with its principal business located at 160 North Gulph Road, King of Prussia, Pennsylvania. He was responsible for the training, supervision and discipline of his employees.

8. Defendant James Schaeffer at all time relevant to this Complaint was the owner of DJR Ventures, Inc., with its principal place of business located at 1008 Upper Gulph Road, Suite 201, Wayne, PA. He was responsible for the training, supervision and discipline of its employees.

9. Defendant Richard Powell all time relevant to this Complaint was the owner of DJR Ventures, Inc., with its principal place of business located at 1008 Upper Gulph Road, Suite 201, Wayne, PA. He was responsible for the training, supervision and discipline of its employees.

10. Defendant Richard Nolan all time relevant to this Complaint was the Vice President of Operations of DJR Ventures, Inc., with its principal place of business located at 1008 Upper Gulph Road, Suite 201, Wayne, PA. He was responsible for the training, supervision and discipline of its employees.

11. Defendant Dough Cavanaugh all time relevant to this Complaint was the Chief Executive Officer and Founder, Manager and/or Supervisor of The Ruby Restaurant Group, Ruby's Diner, Inc. / Ruby's Franchise Systems, Inc. a California Corporation with its principal place of business located at 666 Newport Center Drive, Suite 850, Newport, California 92660.

12. Defendant Dough Cavanaugh is involved in all aspects of the restaurant's operations including the recruitment and training of management and hourly employees, product development, repair and maintenance, and accounting functions. Defendant Dough Cavanaugh

takes an active role in the operation of each restaurant including quality inspections and interviews with staff members at each of the Ruby's locations.

13. All managers hired by The Ruby Restaurant Group are trained by completing the "Ruby's Management Training Program".

14. Defendant Caitlin Fitzgerald all time relevant to this Complaint was the Manager and/or Supervisor of DJR Ventures, Inc., with its principal place of business located at 1008 Upper Gulph Road, Suite 201, Wayne, PA. She was responsible for the training, supervision and discipline of its employees.

15. Defendant Panfilo Vallejo all time relevant to this Complaint was the Manager and/or Supervisor of DJR Ventures, Inc., with its principal place of business located at 1008 Upper Gulph Road, Suite 201, Wayne, PA. He was responsible for the training, supervision and discipline of its employees.

**FACTUAL ALLEGATIONS**

16. The preceding paragraphs are incorporated herein by reference as though fully set forth.

17. In August, 2004 Plaintiff was hired by Defendant as a Food Server at Ruby's Diner located at the King of Prussia Mall, King of Prussia, Pennsylvania. DJR is a franchisee of Ruby's Diner Inc. and Ruby's Franchise Systems, Inc.

18. From the outset until the end of his employ in approximately May, 2007, Plaintiff experienced repeated, persistent sexual harassment and gender discrimination from members of the kitchen staff, and certain managers and supervisors on an almost daily basis.

19. This harassment included such behavior as unwanted touching, groping of genitals, towel slapping, crude and suggestive comments and pejorative name-calling based on gender-bias in

both the Spanish and English languages. Plaintiff was subjected to comments questioning his manhood based on perceived ideas of masculine and feminine attributes.

20. Additionally, Plaintiff was referred to as the feminization of his first name (Stephanie), in print, in front of staff, and customers, all to his embarrassment.

21. In March, 2005, the above-conduct was reported to the 800 Hotline and lead to the subsequent firing of a General Manager. Despite this apparent positive action by the employer on behalf of Plaintiff, none of the harassers were reprimanded and the harassment and retaliation continued.

22. Plaintiff followed the workplace protocols for filing complaints against employees who were harassing him. If the complaint involved a member of the kitchen staff, Plaintiff would experience a delay in his food orders or receive improperly prepared orders that created a further delay. This not only affected his standing as a server, since servers were expected to turn out orders in a timely fashion, but it also affected his ability to make good tips with prompt and appropriate customer service.

23. The retaliatory behavior by the kitchen staff all occurred with the knowledge of the supervisory staff. Complaints to Management did not affect a change in the Staff. Plaintiff continued to experience sexual and gender harassment and retaliation.

24. Ruby's Diner has strict policies against harassment of any kind. Their policies are clearly defined in the handbook given to all personnel. Protocols for filing a complaint to Upper-Management involved calling an 800 Hotline. This often resulted in an email to the Filer's Manager. The obvious conflict resulted when the complaint involved that Manager. This did

not stop the harassment and made Plaintiff the target of further retaliation by Staff and Management and branded him a troublemaker.

25. Management would retaliate by targeting Plaintiff with punishment for protocols routinely not followed by those who did not file a complaint and by continuing to ignore complaints about harassment and retaliation of Staff. An example of one form of retaliation would occur in the form of shift suspension.

26. In one instance Plaintiff was suspended for two consecutive shifts shortly into his first shift for failing to get coverage for the second shift before the shift actually began. Plaintiff was not given an opportunity to get coverage for himself – an opportunity routinely used by other servers without consequence - before they suspended him. This type of targeted punishment was unfairly meted out by managers and affected Plaintiff's morale and ability to earn an income. The lack of accountability for negative behavior of the Staff and subsequent retaliation acted as a deterrent for Plaintiff to complain.

27. In February, 2007 Tom Krall, General Manager and Supervisor to Plaintiff discouraged such complaint filing by requesting the phone numbers of the Officers of the Company not be given out, under any circumstances, without his approval.

28. August, 2007 Plaintiff again filed a charge of persistent sexual harassment and gender discrimination with the EEOC and the Pennsylvania Human Relations Commission.

29. By May, 2007 Plaintiff was having an increasingly difficult time dealing with his work environment and sought treatment for severe anxiety and depression.

30. May 17, 2007 Plaintiff was snapped with a towel by an employee named "Leonel." Plaintiff called the Hotline and informed the Representative of the incident and of his on-going harassment and discriminatory conduct of his co-workers without apparent consequence.

31. May 21, 2007 Plaintiff was contacted by James Schaeffer, Upper Management of Ruby's King of Prussia, in order to discuss the complaint. There was a meeting on May 22, 2007 with the Plaintiff, Mr. Schaeffer and Richard Powell, another member of Upper Management. During that meeting Defendants denied any knowledge of harassment. Mr. Schaeffer became angry and stated that he wasn't at the meeting to debate the situation. He became inappropriately angry and Mr. Ellis advised Mr. Schaffer that he was not going to continue to participate in a meeting where he was being verbally abused. Mr. Schaeffer took aggressive steps toward him and Plaintiff felt threatened of a potential physical altercation.

32. Soon after this meeting, despite being the victim of unwelcome discrimination, it was Plaintiff who was put on paid administrative leave. This leave extended from June to August, 2007. During that time, defendant alleged they were conducting an investigation of the charges.

33. As a result of their "investigation," Plaintiff's charges were found to be unsubstantiated and Plaintiff was required to go back to work.

34. Plaintiff was offered the opportunity to work at a different location. Plaintiff declined the offer for several reasons. First, the pay at the location offered would not be commiserate with what he was earning at the King of Prussia location. Second, the commute wasn't convenient. Third, some of the same people who'd been harassing him were at that location. Fourth, he felt that this move was undeservedly punitive.

35. Plaintiff experienced orchestrated and constant discrimination and retaliation all under the watchful eye of his supervisors and co-workers, including Tom Krall, James Schaeffer, Richard Powell, Richard Nolan, Doug Cavanaugh, Caitlin Fitzgerald and Panfilo Vallejo.

36. The aforementioned response of Upper Management to his complaint and the subsequent lack of remedial action taken left the Plaintiff with no choice but to view the demand to return to work as a constructive discharge of his employment.

37. Plaintiff began to suffer from anxiety, depression, mood swings, headaches, heart palpitations, panic attacks, sleeplessness, and general mental distress.

38. On or about November 29, 2006, and again on August 20, 2007, Plaintiff properly followed administrative law requirements and filed dual complaints with the Equal Employment Opportunity Commission ("E.E.O.C.") (Dkt Nos. 530-2007-01116 & 530-2007-04110) and the Pennsylvania Human Relations Commission ("PHRC") (Dkt. Nos. 2006049414 & 200702864) regarding sexual harassment, gender discrimination and retaliation. Thereafter, Plaintiff was issued two 90 day "Right to Sue" Letters from the E.E.O.C., a copy of which is attached hereto as Exhibit "A".

## FIRST CAUSE OF ACTION

### FEDERAL CONSTITUTIONAL CLAIM

**PLAINTIFF, STEVEN C. ELLIS v. DEFENDANTS
RUBY'S FRANCHISE SYSTEMS, INC., ET AL**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. SECTION 2000E-2(A)(1)**

#### DISCRIMINATION

39. The preceding paragraphs are incorporated herein by reference as though fully set forth.

40. Sexual harassment, and gender discrimination/gender stereotyping directed at Plaintiff by Defendant's supervisor(s) in the workplace constitutes discrimination because of gender/sex, gender stereotyping and sexual harassment as prohibited by Title VII of the Civil Rights Act.

41. Defendant, by the conduct of its employees as set forth above, engaged in a pattern of gender stereotyping and sex discrimination that is strictly prohibited by Title VII.

42. As a direct and proximate cause of Defendant's actions, Plaintiff suffered and continues to suffer physical and emotional pain, trauma, flashbacks, panic attacks and illness as a direct and proximate result of the harassing behavior of the Defendant in targeting him as the focus of its supervisor's sexual harassment and retaliation. The workplace environment became so poisoned by defendant's actions that Plaintiff's ability to function within the company, as well as society, was negatively effected. The conditions of his employment had been altered so materially that Plaintiff could no longer function without medical supervision and medication. He was targeted for maltreatment solely because of his gender as well as his inability or desire to continue to be victimized by sexual harassment and gender stereotyping at the hands of his co-workers and supervisory staff.

### RETALIATION

43. The preceding paragraphs are incorporated herein by reference as though fully set forth.

44. Defendant retaliated against Plaintiff when he complained about the sexual harassment and gender discrimination and gender stereotyping. Once he made his complaints known the first time, nothing was done and the harassment was allowed to continue.

45. Upon complaint to the Company 800 Hotline, minor remedial effort was made to affect a change, but the harassment continued and Plaintiff was targeted further for retaliation.

46. When Plaintiff ultimately complained to higher level supervisory personnel, he was physically removed from his employment location, not given work to perform, and was ostracized by his co-workers at the behest of his supervisors. Defendant, through the conduct of its employees and supervisors, as set forth above, acted in retaliation in violation of Plaintiff's rights under Title VII.

## SECOND CAUSE OF ACTION

### PENDANT STATE CLAIM

### PLAINTIFF STEVEN C. ELLIS v. DEFENDANTS TOM KRALL, JAMES SCHAEFFER, RICHARD POWELL RICHARD NOLAN, DOUG CAVANAUGH, CAITLIN FITZGERALD AND PANFILO VALLEJO

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

47. The preceding paragraphs are incorporated herein by reference as though fully set forth.

48. Defendant's conduct, as described above, violated the Pennsylvania Human Relations Act ("PHRA") and affords Plaintiff the opportunity to seek remedies afforded by §9 of the Act.

49. Defendant violated the PHRA when it permitted the unlawful sexual harassment and gender discrimination of Plaintiff by supervisors Krall, Fitzgerald and Vallejo, and thereby created a hostile work environment for Plaintiff.

50. Plaintiff seeks redress under the PHRA for all remedies available to him given the hostile work environment caused by discriminatory animus of Defendant based upon Plaintiff's gender/sex such that he was forced to endure ongoing sexual harassment by co-workers and retaliation by supervisors.

## RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

a. Defendant be permanently enjoined from discriminating against Plaintiff on any basis as forbidden by Title VII or the Pennsylvania Human Relations Act;

b. Defendant be enjoined from harassing or intimidating and retaliating against Plaintiff;

c. Defendant be ordered to compensate, reimburse and make whole Plaintiff for all of the benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to pay, benefits, training, promotions, and seniority.

d. Compensatory damages;

e. Punitive damages;

f. Such equitable and legal relief as is proper and just.

g. Attorney fees as provided in Section 706(k) of Title VII (42 U.S.C.A. section 2000e-5(k)).

Plaintiff demands a trial by jury on issues triable to a jury.

Respectfully submitted

**JAMES, SCHWARTZ & ASSOCIATES, P.C.**

By:   S/Jonathan J. James    JJJ6405
JONATHAN J. JAMES, ESQUIRE
Attorney I.D. #64534

  S/Michael C. Schwartz    MCS 6449
MICHAEL C. SCHWARTZ
Attorney I.D. #39475
21 South 12th Street – 9th Floor
Philadelphia, PA 19107
(215) 751–9865

COUNSEL FOR PLAINTIFF

Date:   March 10, 2009